UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEVEN PENDLETON,

    Plaintiff,                                        Case No. 3:23-cv-89

vs.

FIRST TRANSIT, INC.,                    District Judge Michael J. Newman
                                                                     Magistrate Judge Peter B. Silvain, Jr.

    Defendant.
_____

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No 143); (2) DENYING AS MOOT DEFENDANT'S MOTION TO STAY (Doc. No. 137); AND (3) DIRECTING THE PARTIES TO MEET, CONFER, AND PROVIDE A PROPOSED DISCOVERY PLAN WITHIN FOURTEEN DAYS (I.E., ON OR BEFORE MARCH 25, 2024)**
_____

This civil case is before the Court on Defendant's motion to stay (Doc. No. 137) and motion for reconsideration (Doc. No. 143). Plaintiff filed responses in opposition to both motions (Doc. Nos. 142, 144), and Defendant replied (Doc. Nos. 145-149, 151). The motions are ripe for review.

## I.     Background

Plaintiff Steven Pendleton, with the assistance of counsel, filed this lawsuit in the United States District Court for the Eastern District of Pennsylvania. *See* Doc. Nos. 1, 127. Plaintiff works full-time as a paratransit driver for Defendant in Conshohocken, Pennsylvania, outside Philadelphia. Doc. No. 127 at PageID 1632. Defendant is a Florida corporation with its headquarters and principal place of business in Cincinnati, Ohio that conducts business in 39 states. *Id.*

Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 127 at PageID 1632. The action was filed as an opt-in, collective action for himself and any other paratransit drivers who worked at Defendant's bus depos in various locations across

the country, including Xenia, Ohio. *Id.* at PageID 1633. Plaintiff alleges Defendant violated the FLSA by failing to pay him and other employees for their O-Time[1] work. *Id.*

The parties participated in discovery and approximately 240 additional plaintiffs opted into the suit. The E.D. Pa. district court conditionally certified the plaintiff's employee class to allow notice to potential collective members. Doc. No. 85. During the course of the litigation, the United States Court of Appeals for the Third Circuit issued an opinion in a separate case that threatened the viability of the instant case in the Eastern District of Pennsylvania. *See* Doc. No. 127 at PageID 1633. The Third Circuit held that "every plaintiff who seeks to opt in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state." *Fischer v. Federal Express Corp.*, 42 F.4th 366, 370 (3d Cir. 2022).

In light of that precedent, the present case was transferred from the Eastern District of Pennsylvania to this Court. *See* Doc. No. 127. The Southern District of Ohio was determined to be the proper venue because: (1) Defendant has its principal place of business in the Southern District of Ohio; and (2) "the Ohio opt-in Plaintiffs worked out of the Xenia, Ohio depo," also in the Southern District of Ohio. *See* Doc. No. 127 at PageID 1635-36. Venue is appropriate in the Dayton seat of court. S.D. Ohio Civ. R. 82.1.

Defendant filed a motion to stay the proceedings in this Court pending the Sixth Circuit's decision in *Clark v. A&L Home Care and Training Ctr., LLC*, the outcome of which Defendant believed would affect this case. *See* Doc. No. 137. The Sixth Circuit has since issued the *Clark* opinion. *See Clark v. A&L Home Care and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023).

---

[1] "O-Time" is "the period after a drop-off during which a driver waits for a new pick-up." *See* Doc. No. 127 at PageID 1632. Drivers were paid only for the first 30 minutes of their O-Time and were off the clock while they waited for their next scheduled pickup. *Id.* However, drivers were required to "adhere to Company requirements that 'severely limit[ed] their freedom[,]'" leaving Plaintiff with an alleged "five hours of uncompensated work each week." *Id.* at PageID 1632-33 (quoting Doc. No. 1, ¶ 10).

2

The *Clark* decision, as all counsel and the Court agree, rendered the motion to stay moot. Accordingly, Defendant's motion to stay (Doc. No. 137) is **DENIED AS MOOT**.

Now, Defendant seeks reconsideration of the Eastern District of Pennsylvania's order allowing conditional certification of a collective action under the FLSA. Doc. No. 143 at PageID 80.

## II. Legal Standard

District courts have broad discretion to "reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 939, 942 (6th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Reconsideration is appropriate when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* at 959.

## III. Analysis

### A. Conditional Certifications and *Clark*

In FLSA cases, "plaintiffs may litigate federal minimum-wage and overtime claims on behalf of other 'similarly situated' employees." *Clark*, 68 F.4th at 1007. However, "[n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, other employees may become parties in an FLSA lawsuit brought by the original plaintiff(s) "only if they affirmatively choose to do so[,]" *Clark*, 68 F.4th at 1007, and are "similarly situated" to the original plaintiff(s). *Id.* How a district court chooses to facilitate notice of the litigation to potential plaintiffs is committed to that court's discretion. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

3

Recently, the Sixth Circuit rejected the idea of a "conditional certification" of a FLSA collective action in its entirety. *See Clark*, 68 F.4th at 1009. The Court explained that certification, conditional or otherwise, "governs whether a case may proceed as a class action[,]" and clarified that "class actions under [Federal Rule of Civil Procedure] 23 'are fundamentally different from collective actions under the FLSA.'" *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). Indeed, the differences are profound. *Id.* As the Sixth Circuit explains, "unlike a Rule 23 class action, an FLSA class action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Id.* (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021) (cleaned up)). "In sum, under Rule 23, the district court certifies the action itself as a class action; whereas in an FLSA action, under 216(b), the district court simply adds parties to the suit." *Id.* (citing *Canaday*, 9 F.4th at 402-03).

Further, "court-approved notice of the [FLSA] suit should be sent only to employees who are in fact similarly situated." *Id.* at 1010. "[T]o facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

**B. *Clark's* Impact on Existing Conditional Certifications**

After *Clark* issued, several district courts across the Sixth Circuit have addressed, with mixed results, the issue of whether FLSA cases conditionally certified as collective actions before *Clark* must be reconsidered and/or vacated. *See Guy v. Absopure Water Co., LLC*, No. 20-12734, 2023 WL 5953225 (E.D. Mich. Sept. 12, 2023); *McClurg v. Dallas Jones Enters., Inc.*, No. 4:20-cv-201-RGJ, 2023 WL 8604177 (W.D. Ky. Dec. 12, 2023); *Teran v. Lawn Enf't, Inc.*, No. 2:22-cv-02338-JFT-tmp, 2023 WL 4948009 (W.D. Tenn. Aug. 1, 2023); *Stewart v. First Student, Inc.*,

4

No. 1:22-cv-2009, 2023 WL 4414165 (N.D. Ohio July 7, 2023) ("*Stewart I*"); *Stewart v. First Student, Inc.*, No. 1:22-cv-2009, 2023 WL 6662979 (N.D. Ohio Oct. 12, 2023) ("*Stewart II*").

### 1. *Stewart v. First Student, Inc.*

*Stewart I and II* involved facts almost identical to the instant case. *See generally Stewart I,* 2023 WL 4414165, at *1. *Stewart I*, like the present case, originated in the United States District Court for the Eastern District of Pennsylvania, where a putative class was conditionally certified as a collective action using a pre-*Clark* standard. *Id.* at *1. The case was later transferred to the Northern District of Ohio, where "approximately 6,700 people…filed consent forms to join the action." *Id.* Then, the Sixth Circuit issued *Clark*, rejecting the conditional certification of FLSA collective actions. 68 F.4th at 1009. As noted previously, *supra* § II(A), the Sixth Circuit held in *Clark*, "that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

In response, the district court in *Stewart II* considered whether the conditional certification from the Eastern District of Pennsylvania should be reconsidered in conformity with *Clark*. Despite *Clark*'s rejection of conditional certifications of FLSA collectives, the district court in *Stewart II* did not disturb the pre-*Clark* conditionally certified collective that had generated approximately 6,700 opt-in plaintiffs. *See Stewart II*, 2023 WL 6662979, at **5-6. The district court found that the opt-in plaintiffs needed to remain in the case until further discovery occurred, after which the district court would make the conclusive determination whether the opt-in plaintiffs were in fact "similarly situated" under the *Clark* standard. *Id.* The court saw "no reason to invalidate the consent notices filed by employees who received court-facilitated notice in the earlier stages of this litigation, under the prior standard." *Id.* at *5. The court explained that

"consent forms should be honored even if they were elicited through non-approved, or even potentially misleading notice provided by the original Plaintiffs." *Id.* (citations omitted).

### C. The Status of the Instant Case's Opt-In Plaintiffs

*Stewart II* leads to the conclusion that Defendant's motion for reconsideration should be denied. Although *Clark* is an intervening change in controlling law, *see generally Stewart,* No. 1:22-cv-2009, 2023 WL 4414165*, at \*2; Rodriguez*, 89 F. App'x at 959, as a practical matter, granting reconsideration here and vacating the already-conditionally-certified collective action would leave this Court in a similar situation as the *Stewart II* court: deciding how to conduct notice and discovery regarding opt-in plaintiffs when numerous have already been notified and grasped the opportunity to join the suit. *See generally Stewart II*, 2023 WL 6662979, at \*\*4-6.

At present, there are approximately 240 First Transit employees who have both received notice of the instant action and have opted into the suit as members of the collective action. The conditional certification was done according to the law of the jurisdiction at the time, and *Clark*'s change in legal standard should not retroactively invalidate their status as opt-in plaintiffs. This is so, even if they ultimately are deemed not to be similarly situated and cannot proceed in the litigation. *See id.* at \*5 (allowing the opt-in plaintiffs to participate in discovery because the prior notice was "issued in accordance with the law as it was understood at the time; it was not misleading in any way; and it was issued in good faith"). Defendants point to no "post-*Clark* case in this Circuit, that has invalidated court facilitated notice already distributed under the prior standard, or that has invalidated the consent forms of opt-in employees filed before *Clark* was decided." *Id.* Instead, courts have "provided the parties time to conduct discovery prior to making any conclusive determination on the issue of similarity." *Id.* (citations omitted).

6

As in *Stewart II*, "even if [this] Court were to find that the original notice should not have been sent to the employees under the new standard, it would not invalidate the consent forms. The consenting employees were made aware of the litigation in good faith, and the filed consent notices to join the action, affirming their belief that they are similarly situated to the original plaintiffs with regard to the claims described in the notice." 2023 WL 6662979, at *5.

At this point, then, the status of the 240 opt-in plaintiffs remains at issue, including during discovery and briefing on whether they are similarly situated under the *Clark* standard. *See Stewart II*, 2023 WL 6662979, at *6 ("The relevant question now becomes whether the opt-in employees are, in fact, similarly situated to the original Plaintiffs, and should be permitted to remain in the case as full Plaintiffs").

### IV.    Conclusion

Accordingly, the Court hereby **DENIES** Defendant's motion for reconsideration (Doc. No. 143) and **DENIES AS MOOT** Defendant's motion to stay (Doc. No. 137). The parties are **DIRECTED** to meet and confer on a proposed discovery plan that must be submitted to the Court within fourteen (14) days of the issuance of this order, i.e., on or before **March 25, 2024**.

**IT IS SO ORDERED**.

   March 11, 2024                                      s/Michael J. Newman
                                                                              Hon. Michael J. Newman
                                                                              United States District Judge